IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02527-BNB

RONALD J. JANOUSHEK, JR.,

    Plaintiff,

v.

CAPTAIN KOONCE,
CHAPLAIN SCOTT, and
DENVER COUNTY JAIL,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 3 0 2009

GREGORY C. LANGHAM
                  CLERK

## SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

Plaintiff, Ronald J. Janoushek, Jr., initiated this action by filing *pro se* a letter to the court complaining about an incident at the Denver County Jail where he was confined. In an order filed on October 27, 2009, the court directed the clerk of the court to commence a civil action and directed Mr. Janoushek to cure certain deficiencies if he wished to pursue his claims. More specifically, the court directed Mr. Janoushek to file a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement.

On November 23, 2009, Mr. Janoushek filed another letter to the court, a Prisoner Complaint, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. However, the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is not signed. Pursuant to Rule 11(a) of the

Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Furthermore, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). Therefore, Mr. Janoushek will be ordered to file a signed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 if he still wishes to proceed *in forma pauperis* pursuant to § 1915 in this action.

Furthermore, assuming Mr. Janoushek does file a signed motion seeking leave to proceed *in forma pauperis* in response to this order, he still must submit a certified copy of his inmate trust fund account statement in support of that motion as previously directed and as required pursuant to § 1915(a)(2). In his letter to the court filed on November 23, Mr. Janoushek alleges that he is unable to obtain a copy of his inmate trust fund account statement from the Denver County Jail, but he fails to allege specifically what steps he has taken to obtain the required account statement. The court notes that Mr. Janoushek has attached to the Prisoner Complaint a copy of an inmate request dated September 22, 2009, that he submitted requesting three copies of his inmate trust fund account statement. That request is dated almost a full month before the instant action was filed and the response to Mr. Janoushek's request directed him to obtain the proper paperwork from the library. Mr. Janoushek does not allege whether he made any effort to obtain the proper paperwork from the library or what other steps he may have taken to obtain the necessary account statement. Mr. Janoushek cannot avoid the requirement of submitting a certified copy of his inmate

Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Furthermore, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). Therefore, Mr. Janoushek will be ordered to file a signed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 if he still wishes to proceed *in forma pauperis* pursuant to § 1915 in this action.

Furthermore, assuming Mr. Janoushek does file a signed motion seeking leave to proceed *in forma pauperis* in response to this order, he still must submit a certified copy of his inmate trust fund account statement in support of that motion as previously directed and as required pursuant to § 1915(a)(2). In his letter to the court filed on November 23, Mr. Janoushek alleges that he is unable to obtain a copy of his inmate trust fund account statement from the Denver County Jail, but he fails to allege specifically what steps he has taken to obtain the required account statement. The court notes that Mr. Janoushek has attached to the Prisoner Complaint a copy of an inmate request dated September 22, 2009, that he submitted requesting three copies of his inmate trust fund account statement. That request is dated almost a full month before the instant action was filed and the response to Mr. Janoushek's request directed him to obtain the proper paperwork from the library. Mr. Janoushek does not allege whether he made any effort to obtain the proper paperwork from the library or what other steps he may have taken to obtain the necessary account statement. Mr. Janoushek cannot avoid the requirement of submitting a certified copy of his inmate

trust fund account statement merely by making a conclusory allegation that he cannot obtain an account statement. Accordingly, it is

ORDERED that Mr. Janoushek cure the deficiency in this action **within thirty (30) days from the date of this order** by filing a signed and properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Janoushek fails to cure the deficiency within the time allowed, the action will be dismissed without further notice.

DATED November 30, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02527-BNB

Ron Janoushek
Prisoner No. 09-14650
Adams County Detention Facility
150 N. 19th Ave.
Brighton, CO 80601

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/30/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk